UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| (1) TRUNG PHI, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case Number: CIV-12-1336-HE |
| | ) | (formerly Oklahoma County District |
| (2) PROPERTY AND CASUALTY INSURANCE COMPANY OF HARTFORD, | ) ) ) | Court Case No. CJ-2012-6993) |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, and LCvR 81.2, Defendant, Property and Casualty Insurance Company of Hartford ("Hartford"), hereby removes the above-captioned action from the District Court of Oklahoma County, State of Oklahoma, to this court. The removal of this case to federal court is based on the following:

1. The above-captioned action was originally commenced by Plaintiff, Trung Phi ("Phi"), on or about the 6th day of November, 2012.

2. All documents filed or served in the state court are contained in the state court record filed herewith and adopted and incorporated herein, along with a certified copy of the state docket sheet. No other pleadings or papers have been received by Hartford or filed in the state court case.

3. Removal jurisdiction exists pursuant to 28 U.S.C. §1441(a) and 28 U.S.C. §1441(b) on the ground that it is a civil action over which the court has original jurisdiction

under 28 U.S.C. §1332, as this matter involves a claim for damages in excess of $75,000.00, exclusive of interest and costs, and is between citizens of different states, as alleged below.

4. Upon information and belief, at all times since the loss that is the subject of this litigation, and at all times from the time of filing of the state court action through and including the present, Plaintiff has been a resident of Oklahoma City, Oklahoma. Plaintiff has never been a citizen and/or resident of the State of Indiana.

5. At all times since the loss that is the subject of this litigation and all times from the time of the filing of the state court action through and including the present, Hartford has been and is a foreign corporation, duly organized and existing under the laws of the State of Indiana, with its principal place of business in Indiana. Hartford has never been incorporated in Oklahoma, and has never had its principal place of business in Oklahoma.

6. Plaintiff's Petition asserts causes of action for breach of contract and tortious breach of contract, *i.e.*, bad faith, for events related to a loss that occurred on or about December 26, 2011. Specifically, Plaintiff alleges he is entitled to policy benefits from Hartford, pursuant to a policy of insurance between the two parties. Further, Plaintiff alleges that Hartford has breached its duty of good faith and fair dealing with him. (Plaintiff's Petition, attached as **EXHIBIT 1**).

7. Plaintiff further alleges in his Petition that Hartford's conduct in the handling of its claim was reckless and malicious, and warrants the imposition of punitive damages.

8. Hartford denies Plaintiff's contentions, and it denies that it is liable for any purported breach of contract and/or bad faith damages.

9. Notwithstanding, Plaintiff's Petition alleges that Hartford's purported breach of contract and bad faith conduct entitles Plaintiff to recover damages from Hartford in an amount in excess of $75,000.00, exclusive of interest and costs. (**EXHIBIT 1**).

10. The court may consider these allegations and demands in determining whether the amount in controversy exceeds the jurisdictional amount. *See Hanna v. Miller*, 163 F.Supp.2d 1302, 1306 (D.N.M. 2001). Based on the foregoing, it is clear that the amount in controversy exceeds $75,000.00. *See Varela v. Wal-Mart Stores, Inc.*, 86 F.Supp.2d 1109, 1111 (D.N.M. 2000).

11. Because this is a civil action where Plaintiff has alleged the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between citizens of different states, federal jurisdiction exists under 28 U.S.C. § 1332(a)(1).

12. This Notice of Removal is timely filed with this Court, pursuant to 28 U.S.C. § 1446(b), because 30 days have not elapsed since this action became removable to this Court. (Affidavit of Clayton B. Bruner, attached as **EXHIBIT 2**).

13. Removal to this District Court is proper under 28 U.S.C. § 116(c).

14. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal will be served on counsel for Plaintiff, and a copy of the Notice of Removal has

been filed with the Clerk of the District Court in and for Oklahoma County, State of Oklahoma.

15. All documents filed in the state court action are contained in the certified copy of the state court record, including the docket sheet, attached hereto as **EXHIBIT 3**. No other pleadings have been received or filed in the state court case. There are no motions pending in the state case.

WHEREFORE, Defendant, Property and Casualty Insurance Company of Hartford, removes this action from the District Court in and for Oklahoma County, State of Oklahoma, to the United States District Court for the Western District of Oklahoma.

Respectfully submitted,

Gerard F. Pignato, OBA No. 11473
Clayton B. Bruner, OBA No. 22079
PIGNATO, COOPER, KOLKER & ROBERSON, P.C.
1120 Robinson Renaissance
119 North Robinson Avenue
Oklahoma City, Oklahoma 73102
Telephone:   (405) 606-3333
Facsimile:   (405) 606-3334
E-mail:      jerry@pclaw.org
             clayton@pclaw.org
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This certifies that on December 4, 2012, the above and foregoing instrument was delivered to the following counsel of record:

C. Scott Beuch, Esquire  
2201 North Classen Blvd.  
Oklahoma City, Oklahoma 73106  
Telephone:   405-524-4333  
Facsimile:    405-527-4337  

*VIA U.S. MAIL*

For the Firm